IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDY HINER,

      Plaintiff,

vs.                                                Civ. No. 05-1152 MV/LCS

SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand Complaint to State Court Because of Lack of Jurisdiction, filed November 14, 2005, **[Doc. No. 6]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

## FACTUAL BACKGROUND

On September 30, 2005, Plaintiff filed a complaint against Defendant in New Mexico District Court alleging malicious abuse of process and *prima facie* tort claims. Plaintiff seeks compensatory damages, punitive damages, interest, and attorney's fees and costs. Defendant subsequently removed the case to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Plaintiff now seeks to remand the case back to state court on the ground that Defendant has failed to establish the requisite amount in controversy.

Any civil case filed in state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant has the burden of proving the existence of federal jurisdiction. In this case, Defendant alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) due to diversity of the

parties and an amount in controversy greater than $75,000.[1]  Plaintiff does not contest that the dispute is between citizens of different states.  Plaintiff, however, does contest Defendant's assertion that the jurisdictional amount in controversy exists.

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the Supreme Court held that in a diversity action originally filed in federal court the amount claimed in good faith by a plaintiff controls jurisdiction unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  *St. Paul Mercury*, 303 U.S. at 288-290.  But a suit originally filed in state court and thereafter removed to federal court presents a different situation.  *Id*. at 290.  In such a case, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Because of the presumption against removal jurisdiction, the burden is on the party requesting removal to establish that the amount in controversy exceeds $75,000.  *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (placing burden of proving jurisdiction on the party asserting it).  Where the complaint on its face alleges damages in excess of $75,000, that normally ends the inquiry and a federal court must exercise jurisdiction.  *See* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3725 at 73 (3d ed.1998).  Where, as here, the complaint fails to specify damages, courts have differed on what burden of proof a removing defendant must bear in demonstrating that the

---

[1] 28 U.S.C. § 1332 (a) provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

amount in controversy exceeds $75,000.[2]  Most circuit courts, however, require that a defendant establish the jurisdictional amount by a preponderance of the evidence.  *See, e.g., United Food & Commercial Workers Union, Local 919 v. CenterMark Prop. Meridan Square, Inc*., 30 F.3d 298, 305 (2d Cir. 1994); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gafford v. General Elec. Co*., 997 F.2d 150, 158 (6th Cir. 1993); *Singer v. State Farm Mut. Auto. Ins., Co*., 116 F.3d 373, 376 (9th Cir. 1997); *Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1357 (11th Cir. 1996); *see also McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (party asserting jurisdiction must prove jurisdictional prerequisites by a preponderance of evidence).

Although the Tenth Circuit has not expressly adopted the preponderance standard in these circumstances, it has stated that the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (emphasis added).  The italicized language requires, at a minimum, that the jurisdictional amount be shown by a preponderance of the evidence.  Because, as discussed below, the Court concludes that Defendant has failed to meet this standard, it need not decide whether a more stringent standard should be applied.

The Tenth Circuit requires a removing defendant in this situation to establish the requisite amount in controversy on the face of the removal notice if the allegations of the complaint are not dispositive.  *Laughlin,* 50 F.3d at 873 ("amount in controversy is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by the allegations in the notice of

---

[2] *See* 15 Moore's Federal Practice, 102.107[3] (Matthew Bender 3d ed. 1997) (citing cases applying "legal certainty," "preponderance," and "reasonable probability" standards).

3

removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional amount]."). "In other words, a removing defendant must set forth specific facts [in the removal notice] which form the basis of its belief that there is more than [$75,000] at issue in the case." *Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1192 (N. D. Okla. 1996).

In its Notice of Removal, Defendant merely recites some of the averments in Plaintiff's complaint and concludes that Plaintiff has "clearly alleged compensatory damages in controversy in excess of $75,000.00." To the contrary, from the bare allegations in the complaint, the Court cannot determine the amount of compensatory damages, or any other type of damages, being claimed by Plaintiff. In the absence of any additional explanation or supporting evidence regarding how Plaintiff's allegations establish that the amount in controversy exceeds $75,000.00, Defendant has failed to establish on the face of the removal notice that the minimum jurisdictional amount is at issue.[3]

Construing the removal statute narrowly and resolving all uncertainties in favor of remand, the Court finds that Defendant has not established by a preponderance of the evidence that Plaintiff's claims meet the amount in controversy necessary to the exercise of diversity jurisdiction.[4] Accordingly, the removal was improper and this Court is without subject matter

---

[3] Defendant's Response in Opposition to Plaintiff's Motion to Remand provides part of the explanation and support missing from Defendant's removal notice. Unfortunately, under Tenth Circuit law, a removing party must establish that the amount in controversy exceeds the jurisdictional amount in the notice of removal itself. Providing the necessary underlying facts and support in an opposition to a motion to remand is insufficient.

[4] In its response, Defendant argues that the jurisdictional amount exists because after the removal notice was filed Plaintiff refused to enter into a stipulation limiting any potential state award to less than $75,000.00. The unwillingness of a plaintiff to sign a restrictive stipulation,

jurisdiction.

Plaintiff seeks expenses incurred in connection with their motion to remand the case. The relevant statute provides that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of expenses under this provision is within the sole discretion of the Court. Under the circumstances of this case, the Court will not require Defendant to pay Plaintiff's costs and expenses incurred as a result of the removal.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **[Doc. No. 3]** is hereby **GRANTED**. This matter is hereby remanded back to the Ninth Judicial District Court, County of Roosevelt, State of New Mexico. The parties shall bear their own costs and expenses.

Dated this 1st day of March, 2006.

MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

---

standing alone, does not affirmatively establish that the amount in controversy exceeds the minimum requirement for purposes of diversity jurisdiction. *See Barber*, 935 F. Supp. at 1191. Furthermore, these facts do not appear on the face of the removal notice as required by Tenth Circuit law. *See Laughlin*, 50 F.3d at 873. Similarly, Defendant's evidence that Plaintiff has incurred at least $15,000 in attorney's fees to date was submitted after the notice of removal was filed and cannot be considered by the Court when determining whether the removal was proper.